Argued and submitted November 21, 1984, affirmed June 5, reconsideration denied
July 26, petition for review denied August 20, 1985 (299 Or 663)

HEFNER et ux,
*Appellants,*

*v.*

WILLIAM BLAIR, INC. et al,
*Respondents.*

(A8301-00411; CA A31310)

701 P2d 460

Steven J. Pierce, Ontario, argued the cause and filed the briefs for appellants.

John S. Folawn, Portland, argued the cause for respondents. With him on the brief were Lee Aronson and Holmes, DeFranq & Schulte, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs appeal a judgment for defendants. At the close of plaintiffs' case, the court granted defendants' motion for a directed verdict. ORCP 60. Plaintiffs had alleged that defendants, their realtors, had breached their fiduciary duty, because they had failed to disclose material facts respecting sale of plaintiffs' equity in a motel. They also alleged fraud, malpractice and breach of contract, but they only assign as error that the court granted the directed verdict on the claim for breach of fiduciary duty. The court ruled that there was insufficient evidence to go to the jury on the question of damages. We affirm.

Allowing plaintiffs the benefit of all reasonable inferences from the evidence, the jury could have found these facts. Plaintiffs were purchasing a motel in Ontario on contracts from third parties, Urguhardt's Oregon Trail Motel, Inc., and the Smiths. Plaintiffs had listed the motel for sale with defendants. Defendants found prospective buyers and advised plaintiffs that the buyers had an $80,000-$90,000 equity in another motel in Silverton. Plaintiffs sold the Ontario motel for $480,000 on a contract, with $100,000 cash down, $125,703.93 plus interest in installment payments, and the buyers assuming plaintiffs' separate contract balances totaling $254,296.07 with the third parties. Plaintiffs paid defendants $28,000 as a commission. Defendants did not tell plaintiffs that they had loaned $107,000 to the buyers for the earnest money, the down payment and a loan fee of $7,000 and had taken a lien on their equity in the Silverton motel to secure the loan. Plaintiffs would not have sold the Ontario motel to those buyers if defendants had made a full disclosure. The contract, however, between plaintiffs and the buyers did not contain any warranties by the buyers as to their financial condition, including the status of liens on their other property. Plaintiffs did not take, or seek to take, a lien on the equity in the Silverton motel as additional security.

The buyers made monthly payments to plaintiffs, defendants and the third parties for about 18 months. Most of the approximately $15,000 that plaintiffs received in installments was for interest. The buyers then defaulted. The contract provided plaintiffs with default remedies, including

strict foreclosure, specific performance, forfeiture, repossession and the right to retain amounts paid as liquidated damages. Plaintiffs repossessed the Ontario motel by exercising the remedy of forfeiture under the contract. They then transferred their equity in the motel to the Smiths, who released their contract with plaintiffs and assumed the contract with Urguhardt's Oregon Trail Motel, Inc. Plaintiffs did not sue the buyers for specific performance.

When it granted defendants' motion, the court stated:

"I don't think you have any evidence of damages.

"* * * * *

"When I look at the position of the Hefners before they signed the earnest money, they had an equity in the property. And, they had certain liabilities against that property. As a result of this transaction, they got $100,000 in cash of which $28,000 was paid as a real estate commission, and they ended up with, they had a right to that property. I see no change in position.

"You have not shown that the property has diminished in value. The court could assume that the property have [sic] enhanced in value. There is no evidence one way or the other.

"I'm going to allow the motion for a directed verdict."

There is no evidence in the record that the value of the Ontario motel at the time of the sale was other than $480,000. There is no evidence of its value when plaintiffs took it back. Accordingly, even assuming that there was a duty of disclosure that defendants breached, there was no evidence from which the jury could determine that plaintiffs suffered any damage because of that breach.

Affirmed.